**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROOSEVELT BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0108-CVE-CDL |
| | ) | |
| MC RESIDENTIAL COMMUNITIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On March 22, 2023, plaintiff Roosevelt Blair filed a pro se complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint is a two-page, handwritten document, accompanied by more than fifty pages of "exhibits," that alleges the following "claims" against defendant:

> 1. MC Residential failed to prohibit racial discrimination, intimidation[,] and retaliation in the work env[i]ro[n]ment.

2.  For racial discrimination and intimidation in the workplace, using offensive imagery, and hate related items in my work space and through group text communication.
3.  Incorrect pay at start of employment, and for unfair raise given for amount of time employed at company.
4.  For pain and suffering from work injury.
5.  Damages from work injury, and other health condition, I['']m left with.
6.  Retaliation from Human Resources, and supervisors.
7.  Wrongful termination by Human Resources.

Dkt. # 1, at 2.  The complaint does not provide any facts in support of these assertions.  The Court

reviewed the exhibits attached to plaintiff's complaint and none of them supports any of plaintiff's

claims.  Instead, the exhibits demonstrate that:  plaintiff previously settled a worker's compensation

claim against defendant, id. at 8-40; management at plaintiff's former employer issued a

memorandum to all employees advising that all communication was "to be verbal conversations"

and there would be "no text messaging," id. at 41; plaintiff filed a police report when he discovered

a rope noose on his former employer's property, id. at 42-44; plaintiff received payments for his

work from the temp service that placed him with his former employer, and then directly from his

former employer, id. at 45-48; plaintiff received disciplinary action for "disruptive and antagonistic"

behavior while working for his former employer, id. at 49; plaintiff requested a raise multiple times

at the end of 2019 and beginning of 2020, and asked to receive a lump sum payment for an amount

he claimed was owed to him, id. at 51-52; and plaintiff's physician completed a ADA Medical

Inquiry Form for defendant, which identified some temporary limitations which affected parts of

plaintiff's job functions, id. at 53-56.

Federal courts are courts of limited jurisdiction, and there is a presumption against the

exercise of federal jurisdiction.  Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005);

Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.

1991).   The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.   McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").   The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.   The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"   1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff's complaint states that he is "resubmitting [his] federal civil suit."   Id. at 2.   The Court understands plaintiff to be referring to an earlier action, Blair v. MC Residential Communities, LLC (Blair I), 21-CV-0297-GFK-JFJ (N. D. Okla.).   During the discovery phase of that litigation, plaintiff asked to voluntarily withdraw his claims without prejudice rather than continue without counsel. The court granted plaintiff's request, and the case was terminated after plaintiff's complaint was dismissed without prejudice.   Id. Dkt. # 49.   Blair I was commenced in the District Court of Tulsa County, Oklahoma, and removed to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, because the complaint asserted claims arising under the laws of the United States.   Blair I, Dkt. # 2.   Plaintiff's present complaint, however, asserts no such claims.

Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.   See Garley v. Sandia Corp., 236 F.3d 1200, 1207

(10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).   "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).   As plaintiff's complaint makes only the vague and conclusory claims outlined above, without invoking any federal statute or constitutional violation, the Court finds no basis to exercise federal question jurisdiction over this case.   While plaintiff asserts he is "resubmitting" his federal suit, that does not mean he is making the same claims arising under federal law that he did in the first action.   Discovery was underway in plaintiff's previous case, and it would be improper to assume plaintiff's current claims were meant to match his previous claims, especially when the complaint makes no such assertion.   Plaintiff's present complaint does not cite a federal statute or allege that his constitutional rights were violated.   Plaintiff's complaint makes no reference to any federal law, and the complaint cannot reasonably be construed to allege a claim supporting the exercise of federal question jurisdiction.

The Court also finds that subject matter jurisdiction is not satisfied under 28 U.S.C. § 1332. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a).   Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties.   Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006).   The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds

4

$75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008). The complaint alleges that plaintiff is a citizen of Oklahoma, and captions defendant as a "foreign for profit corporation." Dkt. # 1, at 1. However, plaintiff "do[es]n't know the value of this federal civil suit," id. at 3, and therefore, there is no reason to find that the amount in controversy exceeds $75,000, as required for the Court to exercise diversity jurisdiction over this case. Because the complaint does not allege any constitutional violation or other violation of federal law, nor does it allege facts necessary to satisfy the requirements for diversity jurisdiction, the Court lacks subject matter jurisdiction. Regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over his claims.

Even if the Court had subject matter jurisdiction over this case, the Court has reviewed plaintiff's complaint, and finds that he has not stated a claim. To survive dismissal under Federal Rules of Civil Procedure 12(b)(6), "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" Doe v. Woodard, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true, and [the court] must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Id. (internal citation omitted). In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404

U.S. 519, 520 (1972); <u>Gaines v. Stenseng</u>, 292 F.3d 1222, 1224 (10th Cir.2002).  As discussed, plaintiff's complaint does not allege any factual basis for his claims.  Plaintiff's complaint merely lists seven "claims" against defendants, but it is devoid of any facts that are necessary in the complaint to state a claim that is plausible on its face.  Broadly construing the allegations of plaintiff's complaint, the Court finds that, even if it had subject matter jurisdiction, the complaint does not state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed <u>in forma pauperis</u> (Dkt. # 2) is **granted** and he does not owe the filing fee.

**DATED** this 24th day of March, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE